1
2                                                          O
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   KENNETH A. DELAVARA,              ) Case No. CV 12-06138-OP
12                  Plaintiff,         )
                                       )
13          v.                         ) MEMORANDUM OPINION AND
                                       ) ORDER
14   MICHAEL J. ASTRUE,                )
     Commissioner of Social Security,  )
15                  Defendant.         )
                                       )
16   _____   )
17          The Court[1] now rules as follows with respect to the disputed issues listed in
18   the Joint Stipulation ("JS").[2]
19   / / /
20   / / /
21   / / /
22   _____
23          [1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before
24   the United States Magistrate Judge in the current action.  (See ECF Nos. 8, 9.)
25          [2]  As the Court advised the parties in its Case Management Order, the
26   decision in this case is made on the basis of the pleadings, the Administrative
     Record, and the Joint Stipulation filed by the parties.  In accordance with Rule
27   12(c) of the Federal Rules of Civil Procedure, the Court has determined which
28   party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).
     (ECF No. 6 at 3.)

                                      1

## I.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1)     Whether the ALJ properly considered all of Plaintiff's impairments; and

(2)     Whether the ALJ's finding that Plaintiff's impairments did not meet or equal listing 1.02A is supported by substantial evidence.

(JS at 3.)

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /

/ / /

/ / /

2

**III.**

**DISCUSSION**

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of right femoral nerve neuropathy; meniscus tearing of the right knee, status post surgery, with nerve damage; and kidney disease.  (Administrative Record ("AR") at 11.)  The ALJ determined that Plaintiff had the following residual functional capacity ("RFC"):

> [Plaintiff is] able to lift 10 pounds frequently and 20 pounds occasionally; able to stand and/or walk two to four hours in an eight-hour workday; every 30 minutes, requiring the option to alternate sitting and standing at will to relieve discomfort; able to sit six hours in an eight-hour workday; unable to operate foot controls with the right leg; unable to operate foot controls repetitively with the left leg; able to climb stairs slowly and only with a railing; able to perform only occasional crouching and crawling; unable to work at unprotected heights; and unable to walk on uneven terrain.

(Id. at 12.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined Plaintiff was able to perform such occupations as inspector, sorter, and labeler.  (Id. at 14.)  In the alternative, the ALJ found that even if Plaintiff could stand or walk for only two hours in an eight-hour workday, he could to the sedentary work of a sorter or assembler.  (Id. at 15.)

**B.    The ALJ Properly Considered All of Plaintiff's Impairments.**

Plaintiff contends the ALJ erred by not making a finding regarding Plaintiff's "medically determinable impairment of a torn meniscus of the left knee."  (JS at 3.)  Specifically, Plaintiff contends that because he "suffers knee pain caused by the torn meniscus in his only functioning leg, this impairment

3

1   would significantly limit his physical ability to do basic work activities," and that

2   his "ability to operate foot controls would be further limited because of pain in his

3   left knee." (Id. at 4.)

4        A December 10, 2009, MRI of the left knee shows a "small horizontal type

5   tear of the posterior horn of the medial meniscus with peripheral extension." (AR

6   at 402.) A July 25, 2008, MRI also showed the small tear, and on December 22,

7   2009, orthopedic surgeon, Hose Kim, M.D., determined that Plaintiff had "a torn

8   meniscus of the right knee and also of the left knee," after reviewing Plaintiff's x-

9   rays and MRI scans. (Id. at 402, 410-11.) Additionally, Plaintiff's November 3,

10  2008, and January 8, 2009, physical therapy treatment notes indicate a left knee

11  torn medial meniscus. (Id. at 396, 398.)

12       In determining a claimant's RFC, the ALJ is required to "consider the

13  limiting effects of all [a claimant's] impairment(s), even those that are not severe."

14  20 C.F.R. §§ 404.1545(e) & 416.945(e); Soc. Sec. Ruling 96-8p ("In assessing

15  RFC, the adjudicator must consider limitations and restrictions imposed by all of

16  an individual's impairments, even those that are not 'severe' "); Burch v. Barnhart,

17  400 F.3d 676, 682-83 (9th Cir. 2005) (error in failing to find an impairment severe

18  did not prejudice the claimant where the Administration found other impairments

19  severe and considered the effects of the non-severe impairment when analyzing

20  residual functional capacity); see also Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir.

21  2007) (same); see generally McLeod v. Astrue, 640 F.3d 881, 886-89 (9th Cir.

22  2011) (claimant bears the burden of showing a substantial likelihood of prejudice

23  from the Administration's errors).

24       In this case, although the ALJ failed to find that Plaintiff's torn left

25  meniscus was a severe impairment, she correctly stated that she must consider all

26  of Plaintiff's impairments as part of her analysis, including impairments that are

27  not severe. (AR at 10.) Further, the ALJ nevertheless did consider Plaintiff's left

28  knee impairment in determining his RFC in which she found him unable to operate

4

1  foot controls repetitively with his left leg. (Id. at 12.)  The ALJ also noted in her

2  decision that Plaintiff is able to walk half a mile, does not need a cane or other

3  assistive device to ambulate, takes only Ibuprofen for pain, and uses his left foot to

4  brake when driving, all of which undermine any more restrictive functional

5  limitation as a result of this left knee impairment. (Id. at 13.)  Moreover, in her

6  hypotheticals to the VE, the ALJ included a left leg limitation when she asked the

7  VE to consider a hypothetical individual who "should not operate foot controls on

8  a repetitive basis with either leg, but not at all with the right leg." (Id. at 47.)  The

9  VE testified that such an individual could perform the light work jobs of inspector,

10 sorter, and labeler, and alternatively, the sedentary jobs of sorter or assembler. (Id.

11 at 48, 49.)  Other than speculating that the existence of a torn left meniscus "would

12 significantly limit his physical ability to do basic work activities," Plaintiff does

13 not provide evidence that the ALJ's alleged error in not finding this impairment

14 "severe," resulted in prejudice.  Nor does Plaintiff contend that any of the

15 suggested occupations require the operation of foot pedals for the left leg.

16       Based on the foregoing, the Court finds that any error by the ALJ in failing

17 to find Plaintiff's torn left meniscus to be a severe impairment was harmless.

18 Curry v. Sullivan, 924 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies

19 to review of administrative decisions regarding disability).  Thus, Plaintiff is not

20 entitled to relief on this claim.

21 **C.    The ALJ Properly Determined Plaintiff's Impairments Did Not Meet or**

22       **Equal a Listing.**

23       Plaintiff contends that the ALJ failed to properly consider whether

24 Plaintiff's impairments meet or equal Listing 1.02A. (JS at 3.)  Plaintiff contends

25 the evidence demonstrates that he meets or equals Listing 1.02A, major

26 dysfunction of a joint, that the ALJ did not specifically consider Listing 1.02A,

27 and that the ALJ did not provide the proper analysis in her decision to support her

28 step three finding. (Id. at 3, 7.)  Plaintiff also contends that the ALJ "failed to

properly determine" that an inability to ambulate effectively includes the inability to walk on uneven surfaces or terrains, the inability to sustain a reasonable walking pace over a sufficient distance, and the inability to climb a few steps at a reasonable pace, all limitations found by the ALJ.  (Id. at 8.)

Listing 1.02A provides:

> 1.02.   *Major dysfunction of a joint(s) (due to any cause)*: Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).  With:
>
> A. Involvement of one major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P., app. 1, § 1.02A.

The inability to ambulate effectively is defined as:

> (1) *Definition*. Inability to ambulate effectively means an extreme limitation of the ability to walk; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. . . .
>
> (2) *To ambulate effectively*, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living.  They must have the ability to

1     travel without companion assistance to and from a place of employment

2     or school.  Therefore, examples of ineffective ambulation include, but

3     are not limited to, the inability to walk without the use of a walker, two

4     crutches or two canes, the inability to walk a block at a reasonable pace

5     on rough or uneven surfaces, the inability to use standard public

6     transportation, the inability to carry out routine ambulatory activities,

7     such as shopping and banking, and the inability to climb a few steps at

8     a reasonable pace with the use of a single hand rail.  The ability to walk

9     independently about one's home without the use of assistive devices

10    does not, in and of itself, constitute effective ambulation.

11 Id. § 1.00B2b. Plaintiff contends that because the ALJ found that Plaintiff cannot

12 walk on uneven terrain and can only climb stairs slowly and with a railing, in

13 conjunction with his left knee impairment, it is clear that he "indeed suffers from

14 the inability to ambulate effectively." (JS at 9.) Plaintiff also states that although

15 he testified he can walk half a mile, he gave no indication that he did it at a

16 "reasonable pace," because he did not testify how long it would take him to walk

17 that distance, especially since "he would have to depend completely on his left

18 leg" and it "is likely that walking a half mile using almost entirely only one leg

19 would take Plaintiff substantially more time than if he had full use of both legs."

20 (Id. at 10.)

21        An ALJ must evaluate the relevant evidence to determine whether a

22 claimant's impairment or impairments meet or equal one of the specified

23 impairments set forth in the Listings.  Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir.

24 2001).  A "boilerplate finding is insufficient to support a conclusion that a

25 claimant's impairment does not [meet or equal a Listing]."  Id. at 512; see also,

26 e.g., Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (noting that the ALJ's

27 unexplained finding at step three was reversible error).  However, an ALJ is not

28 required to "state why a claimant failed to satisfy every different section of the

7

1   listing impairments."   Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990).

2   Accordingly, a well-developed discussion of the factual basis of a claimant's

3   impairments elsewhere in a hearing decision may, under certain circumstances,

4   support an unexplained finding of no medical equivalence at step three.  Id. at

5   1201 (finding an ALJ's four-page summary of the record an adequate basis for

6   unexplained statement that the applicant's impairments did not meet or equal any

7   listing).  An ALJ's lack of formal analysis and findings at step three will not

8   constitute reversible error when the ALJ "discussed and evaluated evidence

9   supporting his conclusion" in a different section of his decision; and with respect

10  to equivalency, a plaintiff "offered no theory, plausible or otherwise, as to how his

11  [impairments] combined to equal a listed impairment."  Lewis, 236 F.3d at 513-14.

12         In order to be considered presumptively disabled under Listing 1.02A, a

13  claimant must demonstrate that (1) he has major dysfunction of a major peripheral

14  weight-bearing joint ( i.e., hip, knee, or ankle) characterized by gross anatomical

15  deformity and chronic joint pain and stiffness, with signs of limitation of motion

16  or other abnormal motion of the affected joint; (2) medical imaging reflects

17  narrowing, destruction, or ankylosis of the affected joint; and (3) the dysfunction

18  results in an "inability to ambulate effectively, as defined in 1.00B2b."  20 C.F.R.

19  pt. 404, subpt. P, app. 1, § 1.02(A).  Plaintiff appears to contend that the

20  impairments found by the ALJ (right femoral nerve neuropathy; and meniscus

21  tearing of the right knee, status post surgery, with nerve damage), together with his

22  limitations to not walking on uneven terrain and only climbing stairs slowly and

23  with a railing, in and of themselves meet and/or equal the criteria of Listing 1.02A.

24  (JS at 12.)  The Court does not agree.

25         "For a claimant to show that his impairment matches a listing, it must meet

26  all of the specified medical criteria."  Sullivan v. Zebley, 493 U.S. 521, 530, 110

27  S. Ct. 885, 891 (1990).  To show that his impairment "is 'equivalent' to a listed

28  impairment, he must present medical findings equal in severity to all the criteria

8

for the one most similar listed impairment." Id. at 531.  Here, other than his

conclusory recitation of the impairments found by the ALJ, Plaintiff points to no

evidence that demonstrates these impairments meet or equal the requirements of

Listing 1.02A, i.e., that he has a gross anatomical deformity of a major peripheral

weight-bearing joint; or that he has chronic joint pain and stiffness with signs of

limitation of motion or other abnormal motion of the affected joint; or that medical

imaging reflects "narrowing, destruction, or ankylosis of the affected joint. See

Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990) ("The mere diagnosis of

[a listed] impairment . . . is not sufficient to sustain a finding of disability");

Lewis, 236 F.3d at 514 ("A finding of equivalence must be based on medical

evidence only.").  In fact, the ALJ noted that Plaintiff could walk half a mile

before needing to sit down, drove a car, took only Ibuprofen for pain, did not

require an assistive device to ambulate, and managed his personal care and

household chores independently.  (AR at 13 (citations omitted).)  Moreover, the

ALJ noted that Plaintiff told his orthopedist in February 2008 that he had right

thigh weakness, and pain in the right knee at a tolerable level 4, and that his

biggest concern was his right thigh atrophy.  (Id. at 11-12 (citations omitted).)

The ALJ also noted that the updated record, including x-rays from December

2009, only indicated osteopenic (bone density) changes in the right patella.  (Id.

(citation omitted).)

       Nor has Plaintiff shown an inability to ambulate ineffectively sufficient to

meet the Listing requirement.  Preliminarily, there is evidence that Plaintiff did not

require the use of any assistive device(s) that limit the functioning of both upper

extremities as noted in the definition of effective ambulation.[3]  Moreover, the ALJ

---

       [3]  The Court notes the seeming inconsistency between § 1.00B2b(1), which
defines ineffective ambulation as having insufficient lower extremity functioning
to permit independent ambulation without the use of a hand-held device that limits

(continued...)

9

merely found that uneven ground might *affect* Plaintiff's ability to sustain work in a competitive environment, not that Plaintiff was *unable* to walk a block at a reasonable pace on rough or uneven surfaces as required by the Listing.  As a result, even assuming that under the Listing an assistive device limiting the function of both upper extremities is not required (see note 3), there still is no evidence in the record that Plaintiff is *incapable* of walking at a normal pace on uneven ground, only a finding by the ALJ, giving Plaintiff the benefit of the doubt, that he should avoid doing so in a workday.  See Soutar v. Astrue, No. CV 08-2491-E, 2009 WL 453074, at *2 (C.D. Cal. Feb. 23, 2009) (state agency physician's opinion that plaintiff should avoid walking on uneven surfaces does not equate to finding "inability to walk a block at a reasonable pace on rough or uneven surfaces" under Listing 1.02, 1.00).

Accordingly, when considering the record as a whole, the Court finds that it is clear that Plaintiff has not met his burden of demonstrating that his symptoms met or equaled the criteria of Listing 1.02A.  See, e.g., Bowen v. Yuckert, 482 U.S. 137, 145-52, 107 S. Ct.  2287, 96 L. Ed. 2d 119 (1987) (placing burden on claimant to produce evidence that impairment meets listing).  The ALJ correctly found at step three of the sequential analysis that Plaintiff's impairments do not meet one of the listed impairments.  Thus, Plaintiff is not entitled to relief on this claim.

/ / /

/ / /

/ / /

---

³(...continued)
the functioning of both upper extremities, and § 1.00B2b(2), which, in the examples of ineffective ambulation includes "the inability to walk a block at a reasonable pace on rough or uneven surfaces" without seeming to include the use of the assistive device(s) mentioned in § 1.00B2b(1).

**IV.**

**ORDER**

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: February 20, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge

11